425 So.2d 203 (1983)
Gary Lamar WINTERS, a/K/a Gary Collier Wallace, a/K/a Wallace G. Collier, Appellant,
v.
STATE of Florida, Appellee.
No. 82-26.
District Court of Appeal of Florida, Fifth District.
January 19, 1983.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant appeals a judgment of conviction for sexual battery while using a deadly weapon, following a jury trial. We affirm.
Appellant first contends that when he took the stand in his own defense, the prosecutor improperly asked questions which were comments on his earlier exercise of his right to remain silent. We have examined the entire context of the line of *204 questions, see Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980), and cannot characterize them as comments on defendant's right to remain silent.
We write, however, for the purpose of making it clear to the trial bar that there must be an objection to any such line of questioning if the issue is to be properly preserved for appeal, and the objection must specifically point the trial judge to the error complained of. It is not sufficient, as here, to merely object that the question "is not a proper question under the circumstances." A question may be improper for a variety of reasons, and the trial judge should not be made to guess at the basis for counsel's objection. It has been said many times, that:
To meet the objectives of any contemporaneous objection rule, an objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal. Castor v. State, 365 So.2d 701 (Fla. 1973).
Hufham v. State, 400 So.2d 133, 136 (Fla. 5th DCA 1981).
Similarly, appellant cannot object now to remarks of the prosecutor in closing argument as inflammatory, because as to most of the remarks complained of there was no objection made at the trial. We do not find the comments to be so fundamentally inflammatory as to require a reversal.
Appellant contends that the trial court improperly excluded evidence of prior sexual activity of the prosecuting witness, where, as here, the defense to the charge is consent. The admissibility of evidence of prior sexual activity of the victim where consent is at issue is regulated by statute.[1] Appellant proffered evidence of some specific consensual sexual activities between the victim and other persons, but this does not meet the test of the statute. The few isolated instances presented did not present a "pattern of conduct or behavior," see Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980), and the trial court properly excluded that evidence.
We have considered appellant's remaining issues and found them without merit.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] § 794.022(2), Fla. Stat. (1981):

Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under § 794.011; however, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury that such activity shows such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent.