546 So.2d 65 (1989)
James Preston ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1414.
District Court of Appeal of Florida, Fifth District.
June 29, 1989.
*66 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, James P. Anderson, appeals from a conviction for aggravated battery, aggravated assault, and possession of a firearm by a convicted felon. The charges arose from an incident which occurred in the Flagler Village area of St. Johns County in a parking lot. The victim, Carlton Harris, testified that Anderson struck him with a pistol and as they subsequently wrestled over the gun, at least six bullets were fired. The treating physician testified Harris had powder burns on his right hand. According to Harris, after the struggle, he was shot in the ankle while running away from Anderson.
This appeal focuses on the testimony of two witnesses, the first being one Vernon Delafield. According to Delafield, he was visiting a friend in the apartment complex where the fight occurred and was standing on the back porch, together with one Shelly Brazel, at the time of the incident. They saw Harris and Anderson talking. Then an unknown third person came up and the shooting started, at which point Delafield and Brazel sought cover. Delafield saw Harris run away followed by another man. Delafield's testimony about who first pointed a gun at whom was confusing.
On cross-examination, Delafield testified that he had been out at the parking lot for approximate an hour and a half. He and Shelly Brazel were good friends from school and he knew "O.B.," that is, Anderson, because they had worked together. The prosecution then asked Delafield how many times had he been convicted of a felony, and Delafield answered "four." The cross-examination of Delafield then proceeded as follows:
Q. Did you have a gun that night?
A. No, I didn't.
Q. Do you normally keep a gun?
A. No, I don't.
* * * * * *
Q. What were you really doing in the parking lot of Flagler Village? Were you selling something?
A. No, I wasn't.
Q. Weren't you selling something along with Shelly Brazel to Mr. Anderson?
A. No I wasn't.
Q. And wasn't that something you guys were selling rock cocaine?
A. No.
Q. You wouldn't do that, would you?
A. Would I?
Q. Yes, sir.
DEFENSE COUNSEL: Your Honor, I object to the question.
THE COURT: Objection be overruled. Go ahead.
PROSECUTOR:
Q. Please answer my question, Mr. Delafield.
A. No I wouldn't.
Q. Would you possess cocaine?
DEFENSE COUNSEL: Your Honor, I object to the question. I don't understand the relevancy.
THE COURT: Objection be overruled.
PROSECUTOR:
Q. Would you possess cocaine?
A. I was arrested on some cocaine.
Q. And that was just in January of this year, right?
A. Yes, it was.
Then the prosecution proceeded to cross-examine Delafield at length about the circumstances involved in the prior arrest. Generally speaking, the testimony about the prior criminal incident included some testimony regarding a gun, a high speed chase, *67 an accident with a patrol car and some shooting by the police officers. Defense counsel objected repeatedly to the inquiry by the prosecution into this prior event.
The appellant argues that under section 90.610, Florida Statutes (1987), the credibility of any witness may be attacked, but only by asking the standard questions: (1) have you ever been convicted of a felony? (2) how many times? (3) have you ever been convicted of a crime involving dishonesty or false statement? If a witness answers these questions correctly the questioning must cease. Questions about what crimes these convictions involved or any of the particular facts surrounding the offenses are not allowed. Jackson v. State, 498 So.2d 906, 909 (Fla. 1986); Botte v. Pomeroy, 497 So.2d 1275, 1280 (Fla. 4th DCA 1986), review denied, 508 So.2d 15 (Fla. 1987). The appellant argues that there was no evidence that Vernon Delafield had been convicted of the drug and weapons charges used to impeach him. Second, even if the convictions had been obtained, questions about the specific facts of the offenses should have been disallowed.
The state argues that the only objections defense counsel made to the impeachment were based on relevancy, leading questions and hearsay. They argue that Delafield himself brought up the accident caused by the high speed chase and defense counsel did not object when the prosecutor questioned him about it until after the prosecutor had already asked him four questions about the chase.
Essentially the state argues that the grounds for the objection now asserted on appeal were not raised below and that under our holding in Winters v. State, 425 So.2d 203 (Fla. 5th DCA 1983), it is clear that to properly preserve the issue for appeal, the objection must specifically point the trial judge to the error complained of. As stated in Winters: A question may be improper for a variety of reasons, and the trial judge should not be made to guess at the basis for counsel's objection. The purpose of this rule is to permit the judge to understand the issue raised and to give the adverse party notice of the alleged defect in his question. Ehrhardt, Florida Evidence, § 104.2 (2d ed. 1984).
The question "Would you possess cocaine," is improper because the propensity of the witness to possess cocaine is not proper impeachment under Rule 90.610, and is therefore irrelevant. At first, defense counsel objected to this question on the basis of relevance and later stated, "I object to this line of impeachment." Thus, with respect to this question, the error has been properly preserved. Moreover, the prosecutor's question was potentially misleading. On the one hand the witness could construe the question to mean "Would he possess cocaine at some point in the future?" or the question could be construed, as apparently the witness did, as really a casual way of asking whether the witness had at any time ever possessed cocaine. Apparently, the witness did interpret the question in the latter sense and answered "I was arrested on some cocaine." Then the state used that answer as the basis for inquiring into the factual circumstances about that arrest. We cannot conclude, as the state argues, that Delafield "opened the door" by his answer.
After the witness's statement "I was arrested on some cocaine," the prosecution asked some nine questions in an attempt to elicit the factual circumstances surrounding the collateral offense. After the somewhat belated objection on the grounds of improper impeachment, the prosecution was allowed to ask three more questions about the prior incident which again prompted an objection by defense counsel. During the entire context of the cross-examination it is clear that the trial court was reasonably apprised of the basis for defense counsel's objections and even after the first nine questions might have issued a curative instruction. The prosecution did not establish that Delafield had been actually convicted, so there is no basis for arguing that an inquiry into the factual circumstances would be proper as proof of bias or interest. Arboledo v. State, 524 So.2d 403, 408 (Fla. 1988) (an arrest is not admissible grounds for impeachment under Rule 90.610).
*68 Having found preserved error in the prosecution's cross-examination of the witness Delafield, the question becomes whether the error was harmless. When taken together with a similar type of impeachment directed against defense witness Brazel, we cannot find that the state has met its burden of proving that the error was harmless beyond a reasonable doubt. See DiGuilio v. State, 491 So.2d 1129 (Fla. 1986).
Reversal is required under Jackson v. State, 498 So.2d 906, 909 (Fla. 1986), because the state did not establish that Delafield had been convicted of a crime and also improperly inquired into the specifics of the alleged offense. See also Fulton v. State, 335 So.2d 280 (Fla. 1976) (holding evidence of pending charges against a witness is inadmissible for impeachment purposes).
REVERSED AND REMANDED FOR NEW TRIAL.
DANIEL and GOSHORN, JJ., concur.