589 So.2d 1360 (1991)
Charles Richard PHILLIPS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-659.
District Court of Appeal of Florida, First District.
November 4, 1991.
On Motion for Certification December 26, 1991.
*1361 Leo A. Thomas of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his convictions for two counts of sexual battery upon a child less than 12 years of age. We agree that the state was allowed to introduce inadmissible "pedophile profile" testimony as substantive evidence of appellant's guilt and therefore reverse his convictions and remand for a new trial. Because of our disposition of this point, we do not reach the remaining points raised by appellant. Regarding the state's cross-appeal, we agree that the trial court did not err in permitting the defendant to introduce evidence that the victim in this case charged that another man committed similar illegal acts upon her. State v. Savino, 567 So.2d 892 (Fla. 1990). We write in greater detail in this case to illustrate the improper use of pedophile profile testimony in the hopes that future convictions will not be subject to reversal on this ground.
The victim in this case was under the baby-sitting care of appellant's wife. After she reported sexual improprieties by appellant to the authorities, he was charged with these sexual battery offenses. At his trial, the state presented the testimony of the victim,[1] evidence of her prior consistent statements made to an HRS worker, a member of the Child Protection Team, and a friend of her grandmother, and admissions made by appellant to a deputy sheriff. In addition, the state called Dr. Michael DeMaria, a clinical psychologist, who testified over objection about the profile of a sexual abuser of children, describing, among other things, the two basic subgroups of a pedophile.
While Dr. DeMaria in his testimony did not directly link the pedophile profile to appellant, the state unmistakably did. In closing argument, the prosecuting attorney stated:
Going back to what Dr. DeMaria said, you heard he was an expert in his field, particular dealing with sexual victims and their perpetrators. He told you about the two types of pedophiles that there were. There were aggressive pedophiles and fixated pedophiles. The defense will probably tell you that there is no way that this man can do this to these children because he's married. Well, you heard Dr. DeMaria say that one of the pedophiles is the regressed pedophile, and the regressed pedophile is often married. Just because you're married does not mean you're a pedophile  that you're not a pedophile, excuse me, as the defense would probably have you believe. Then he told you about some of the things that pedophiles do or some of the things they think about. He told you they fantasize about having sex with children. Its constantly on their mind. He told you that they read books about sex with children, they watch movies or videos and that sometimes they need a release for that. Sometimes it can be masturbation and sometimes it can go further, which is the actual touching of the children. He told you that when pedophiles are playing with children, they get sexual feelings from playing *1362 with children. He told you that they try to deny their feelings so that they think hey, I'm normal, everybody thinks like this. And he told you they put themselves in situations where they have ready access to children, which is exactly what Mr. Phillips did, opened his home for baby-sitting so he could have ready access to children. And then, once again, as Dr. DeMaria told you with pedophiles it starts out with love, but it crosses the line, and the State submits that's exactly what happened here.
And again, the prosecutor argued:
As Dr. DeMaria said, they try to generalize their feelings and believe that everybody thinks things like that. And when he [appellant] was talking about the sexual feelings, he [appellant] said I imagine they go through anybody's mind. The State submits they don't go through anybody's mind ...
Significantly, during the state's rebuttal closing argument the prosecutor said:
And lastly, the defense talks about the fact that anybody  the State is saying that anybody who just happens to like, have access to children must be pedophiles. That's not what the State said. The State told you that there is a whole set of factors that you look at to determine if a person is a pedophile, not just one, a whole set of factors, those factors being whether or not they fantasize about children, whether or not they read books with children, whether or not they see movies with children, whether or not they have sexual thoughts going through their mind when they are playing with children, whether or not they masturbate when they are thinking about children and fantasizing about children, and whether or not they put themselves in situations where they have access to children. Its not one factor that makes you a pedophile, its a combination of factors.
And the defendant had that combination of factors. .. .
In both the majority and minority opinions in this court's recent decision of Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991) (en banc), on reh'g questions certified, 16 F.L.W. D2693 (Fla. 1st DCA, Oct. 14, 1991), this court condemned the practice of using pedophile profile testimony as substantive evidence of a defendant's guilt. While five members of the court would have permitted such testimony if offered for the purpose of providing juror understanding, the remainder of the court was of the view that admission of such testimony was error. However, a majority of the court agreed that admission of such testimony is subject to a harmless error analysis. While in Flanagan this court found the admission of such testimony to be harmless, it is our view that the admission of the testimony in this case cannot be considered as harmless error. In Flanagan, the profile testimony was not linked to the defendant, whereas in this case, the prosecutor argued at length that appellant met the characteristics of the profile. Thus, Dr. DeMaria's testimony was used to show that because appellant met the characteristics of the profile, he committed the crime. Unlike Flanagan, this was trial by pedophile profile, which we find to be reversible error.
Accordingly, appellant's convictions are REVERSED, and this case is REMANDED for a new trial.
MINER, J., and WENTWORTH, Senior Judge, concur.

ON MOTION FOR CERTIFICATION
PER CURIAM.
On motion filed by the state, we certify to the Florida Supreme Court the two questions certified as matters of great public importance in Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991) (en banc), on reh'g questions certified, 16 F.L.W. D2693 (Fla. 1st DCA Oct. 14, 1991):
1. Is expert scientific testimony which does not meet the test of Frye v. United States, 293 F. 1013 (D.C. Cir.1923) for admissibility of novel scientific evidence otherwise admissible as background information in a criminal trial?

*1363 2. Is Pedophile/child sex offender profile evidence admissible in a criminal trial?
SMITH and MINER, JJ., and WENTWORTH, Senior Judge, concur.
NOTES
[1] The victim's testimony established the commission of one sexual battery, but not the other.