FARMER, Judge.
In October 1991, defendant was before the court for sentencing on charges relating to worthless checks. One set of possible charges from the events that had led to her arrest was being held by the State in order to have the FBI do a handwriting analysis. But for the state’s unreadiness to proceed on them, the October 1991 sentencing would have included these charges; and the additional counts would have resulted in a contemporaneous sentence with the 5-year prison sentence she was given then.
Several months later, in May 1992 to be exact, the state proceeded on the additional charges (grand theft and obtaining property by worthless check), and the defendant agreed to plead no contest. As it had happened by then, however, defendant had already been released from state prison on the 5-years incarceration and was serving the balance of her sentence on “controlled release.” Her guidelines scoresheet for these additional charges now, of course, reflected the 1991 convictions and showed a permitted sentence range of 9-22 years.
The trial judge expressly found that if these additional charges had been processed in the normal course of events, they would also have been disposed of at the October 1991 plea and sentencing, and any sentence he would then have imposed would have been concurrent with the 5-year sentence given. Accordingly, he sentenced her to 1-year probation to run concurrent with her controlled release. Unfortunately, even though all of this appears without contradiction from the records and transcript of the sentencing hearing, none of it is stated on the sentencing order.
In other words, the trial judge has departed downward from the guidelines without timely, written reasons — although we do know that he had a good reason for doing so.[1] The state thus argues on appeal from the sentence that, under Pope v. State, 561 So.2d 554 (Fla.1990), we must reverse and remand for the purpose of resentencing within the guidelines.
We do not understand why the remedy for the trial court’s failure to enter contemporaneous written reasons for guidelines leniency, i.e. a sentence less severe than the minimum prescribed by the guidelines, is to resentence within the guidelines unless the defendant asks to have his plea vacated. The defect is attributable to no conduct, action or inaction by the defendant. The remedy punishes the defendant for a trial judge’s mistake. We wonder why the remedy isn’t simply to remand to the trial judge for the entry of the written reasons.
We distinguish this, of course, from the converse situation where the trial court imposes more severe punishment than the guidelines maximum and within the penalty prescribed by the law violated, but has failed to file seasonably a written explanation of the reasons for the departure. The idea underlying a reversal of that sentence with a remand for resentencing within the guidelines is simply an application of the strict construction which must be applied to all penal statutes. See § 775.021, Fla.Stat. (1991). Atrial court can sentence more harshly than the *1226 guidelines allow, but only if on sentencing day the judge strictly complies with the letter of the guidelines departure provisions. See § 921.001(5), (6), (7) and (8), Fla.Stat. (1991); Fla.R.Crim.P. 3.701(d)(ll).
We are concerned that to apply that same result to leniency departures would amount to a profound alteration of these principles. It would also seem a result in search of a rationale. It might reasonably be seen as adding a perverse twist to the old aphorism — “When the constable blunders the guilty go free” — by holding that when the judge blunders, the innocent[2] get punished.
It does appear, however, to us that this result is indeed commanded by Pope. We expressly note that the departure there was above, not below, the guidelines. Nevertheless, in unmistakable language, the court held that “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.”[3] 561 So.2d at 556. At the same time, the court receded from any inconsistency with its earlier decision in Barbera v. State, 505 So.2d 413 (Fla.1987), where the departure was below guidelines and the court had remanded for the entry of written reasons. Although the court might appear — strictly speaking — to some to have gone even farther than the facts of Pope would seem to have required, its holding is definitely categorical.
Because we are bound to follow Pope, we reverse either for resentencing within the guidelines or for withdrawal of the plea. We also take the opportunity, however, to certify the following question as one of great public importance:
DOES Pope v. State, 561 So.2d 554 (Fla. 1990), REQUIRE BELOW GUIDELINES DEPARTURE SENTENCES WITHOUT CONTEMPORANEOUS WRITTEN REASONS, WHERE THE DEFENDANT IS WITHOUT FAULT IN THE SENTENCING PROCESS, TO BE REVERSED FOR RESENTENCING WITHIN THE GUIDELINES?
REVERSED AND REMANDED WITH DIRECTIONS; QUESTION CERTIFIED.
ANSTEAD and POLEN, JJ., concur.

. We would certainly have no difficulty in affirming these reasons, if set down in a contemporaneous written order, as a valid basis for a leniency departure from the guidelines.

. We obviously use the term "innocent” as meaning with regard to the sentencing procedure.

. Quaere whether, if a defendant elects to withdraw the plea, upon resentencing after a jury verdict the trial court with written reasons could sentence again to less than what the guidelines require? And where the original sentencing followed a jury verdict, why should the one who pleads but not the one who goes to trial get to start over?