629 So.2d 1014 (1993)
STATE of Florida, Appellant,
v.
Michael WARREN, Appellee.
No. 92-3535.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
Rehearing Denied February 8, 1994.
*1015 Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellant.
John S. Wilbur, Jr. of Coe & Broberg, Palm Beach, for appellee.
KLEIN, Judge.
We reverse a sentence of probation, which constituted a downward departure from sentencing guidelines, because the reasons the trial court gave for the downward departure were insufficient as a matter of law.
Defendant was convicted of one count of RICO, eleven counts of grand theft and twenty-one counts of odometer fraud. The sentencing guidelines' recommended range was twelve to seventeen years and the permitted range was nine to twenty-two years. At the sentencing hearing the court gave the defendant twenty-two years probation and orally stated a number of reasons, none of which would have justified the downward departure, even if they had been in writing, as required by Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), receded from in part, Smith v. State, 598 So.2d 1063 (Fla. 1992).
The first reason the court gave for the downward departure was that the state had selectively prosecuted defendant for odometer tampering because the state suspected, but could never prove, that defendant had his wife killed by a "clown" who delivered flowers to her. The prosecutor's discretion in prosecuting is limited only where "impermissible motives may be attributed to the prosecution, such as bad faith, race, religion, or a desire to prevent the exercise of the defendant's constitutional rights." United States v. Smith, 523 F.2d 771, 782 (5th Cir.1975), cert. denied, 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976), quoted with approval in State v. Bloom, 497 So.2d 2 (Fla. 1986). This was not selective prosecution.
The other reasons given by the court were that witnesses testified against defendant because they had been threatened with criminal charges, that defendant's only prior conviction in 1985 was for odometer fraud, that defendant was not a threat to society, that defendant had an elderly mother who needed his support, and that defendant would not be able to provide restitution to the victims of his odometer tampering if he were incarcerated. Since we conclude that none of the reasons given by the court were sufficient, we reverse and remand for resentencing within the guidelines as we must under Pope v. State, 561 So.2d 554 (Fla. 1990). We reject defendant's alternative argument that we should certify the same issue as we did in State v. Jones, 625 So.2d 1224 (Fla. 4th DCA 1993), because in Jones the oral reasons given for the downward departure were valid, and in this case they were not.
Reversed.
WARNER and PARIENTE, JJ., concur.