792 So.2d 646 (2001)
The STATE of Florida, Appellant,
v.
Reyard LEGGETT, Appellee.
No. 3D00-3162.
District Court of Appeal of Florida, Third District.
August 29, 2001.
Robert A. Butterworth, Attorney General, and Margaret A. Brenan, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, and Maria Lauredo, Assistant Public Defender, for appellees.
Before LEVY, SORONDO, and RAMIREZ, JJ.
RAMIREZ, J.
The State of Florida appeals the imposition of a downward departure sentence. We affirm because the objection to a departure sentence was not properly preserved and none of the arguments raised on appeal were made to the trial court below.
At the onset of the probation violation hearing, the State offered the appellee, Reyard Leggett, a plea to a seven-year sentence, which constituted a downward departure sentence. The trial court initially rejected any plea discussions apparently because the parties had failed to reach an agreement earlier. After hearing the evidence, however, the judge offered to sentence Leggett to three years in state prison with no credit for time served. The State objected, stating that the judge was sentencing Leggett to half the sentence offered by the State after it had been *647 forced to hold a hearing and call witnesses. In actuality, however, the sentence was not half the seven-year sentence offered by the State because Leggett would have been entitled to almost three years credit for time served.
The State argues that the trial court improperly initiated the plea bargaining process and that the court did not provide reasons for the departure. As in State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998), the State should have called the trial court's attention to the need for downward departure reasons. We also affirm because the State had initially offered a departure sentence and had never withdrawn that offer at the time the trial court made its offer to Leggett. See State v. Aguilar, 775 So.2d 994, 996 (Fla. 3d DCA 2000) ("Where the state and the defendant agree that a departure from the sentencing guidelines is appropriate, the extent of the departure is within the sound discretion of the trial judge.").
Affirmed.