873 So.2d 389 (2004)
Ismael Grillo PERERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3056.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing Denied May 19, 2004.
*390 Bennett H. Brummer, Public Defender, and Louis K. Nicholas, II, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.
RAMIREZ, J.
Ismael Grillo Perera appeals his judgment of conviction and sentence that originated from twenty-nine counts of sexual battery on a minor by an adult and resulted in twenty-two consecutive sentences of life imprisonment, without parole. We affirm because we do not find any abuse of discretion in the admissibility of the statement related to Perera's prior sexual abuse which he argues constituted irrelevant, immaterial, and improper character evidence. We also reject Perera's ineffective assistance of counsel claims.
At trial, sisters A.P. and M.A. testified, as well as their brother Enrique Del Vayo. Perera was the former boyfriend of the siblings' mother who lived with the family throughout most of A.P.'s and M.A.'s early childhood years. A.P. testified that Perera started touching her private parts and molesting her from a very young age. Perera threatened A.P. into silence. After a number of years, A.P. caught Perera performing anal sex on her sister M.A., and she became so upset that she ran downstairs, called her brother Del Vayo, screamed at her mother, and tried to explain to them *391 what had been going on. When A.P. turned thirteen years of age, Perera moved out of the family's home and he stopped his sexual molestation of A.P. The two sisters eventually reported Perera's sexual abuse to the police.
M.A. testified that Perera sexually molested her, and he also performed anal and oral sex on her on numerous occasions. One day when Perera was molesting her, A.P. walked in on them and saw what Perera was doing. She did not tell anyone in her family what was happening because Perera threatened her. She did not tell anyone about the abuse because she thought that if she did not think about it, it would all just go away.
Del Vayo testified that in 1989 or in the early 1990's, A.P. telephoned him. He described A.P. as upset. When he responded to A.P.'s call, she told him that she was sick of what Perera was doing to her. Del Vayo then confronted Perera. Perera said that he was sorry, that he had been abused by his uncle in Cuba. At this time, the defense objected, and the trial court overruled the objection and requested that defense counsel state the grounds of his objection. Defense counsel again objected, but stated no grounds. The trial court overruled the objection. Del Vayo thereafter testified that Perera lowered his pants and he showed Del Vayo, as well as the siblings' mother, his private parts. Perera also reiterated that he had been sexually abused as a child in Cuba. The defense objected a third time, this time on the grounds that Del Vayo's statements constituted hearsay. The trial court overruled the objection, relying upon an exception to the hearsay rule.
During closing arguments, both sides mentioned the confrontation between Del Vayo, the mother, and Perera. The State also stated that Perera's apology was "his excuse for sexually assaulting [the] two girls."
Perera's main point on appeal is that the trial court improperly admitted his statement about his uncle's abuse of him in Cuba as pedophile profile testimony. This argument is entirely misplaced.
To preserve an issue for appeal, counsel must make a specific objection to the admission of the evidence. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985). See also Filan v. State, 768 So.2d 1100, 1102 (Fla. 4th DCA 2000) (where counsel made a general "lack of foundation" objection and therefore failed to preserve its objection to the admission of certain records into evidence under the business records exception to the hearsay rule). Perera's defense counsel twice failed to state the specific grounds for his objections to the introduction of Perera's statements regarding Perera's apology and uncle abuse. The grounds were not readily apparent to the trial court and, once enunciated, the hearsay grounds could be easily dismissed as an admission by a party opponent. See § 90.803(18), Fla. Stat. (2002).
Even if counsel had raised the improper pedophile profile testimony objection, it would not necessarily have been sustained. Pedophile profile cases typically involve the presentation of expert witness testimony on the criteria of a pedophile profile evidence, as well as testimony that the defendant's traits qualify as a pedophile under the illustrated criteria. See Flanagan v. State, 625 So.2d 827, 829-30 (Fla. 1993). See also Gay v. State, 607 So.2d 454 (Fla. 1st DCA 1992) (where the court stated that the defendant was linked to the crimes charged through pedophile profile evidence received from an expert witness); Phillips v. State, 589 So.2d 1360, 1361 (Fla. 1st DCA 1991) (where expert testified as to the characteristics of pedophiles and the *392 prosecutor "argued at length" that the defendant met the profile characteristics).
While we recognize that pedophile profile testimony is inadmissible as substantive evidence of a defendant's guilt, this case is entirely distinguishable from the pedophile profile line of cases. There was no witness testimony regarding the characteristics of a pedophile, and the State did not attempt to cast Perera into a pedophile profile. Perera's statement that his uncle abused him in Cuba thus did not qualify as pedophile profile testimony.
Perera's statements instead constituted an admission of guilt. See § 90.803(18). An admission of fact or circumstance from which guilt may be inferred is admissible as a general admission against the party who made the statement. See State v. Lamar, 538 So.2d 548, 549 (Fla. 3d DCA 1989). See also Pieczynski v. State, 516 So.2d 1048, 1051 (Fla. 3d DCA 1987)(holding that the defendant's statement that he was sorry and could not help himself was admissible as an admission from which guilt could be inferred). Such a statement is admissible if made freely and voluntarily. See Brown v. State, 111 So.2d 296, 298 (Fla. 2d DCA 1959)(holding that an incriminating admission is admissible if the admission is affirmatively shown to have been made freely and voluntarily).
Perera's apology and his statement that his uncle abused him in Cuba qualify as statements from which guilt may be inferred. Perera also made the statements freely and voluntarily in direct response to Del Vayo's inquiry.
Perera also complains on appeal that his defense counsel's failure to object to the State's closing argument, during which the prosecutor stated that Perera's sexual abuse by his uncle in Cuba was Perera's excuse for his sexual abuse of the victims, rises to the level of fundamental error cognizable on direct appeal. The prosecutor's argument in this case was fair comment on the evidence presented at trial. It certainly did not rise to the level of fundamental error.
We decline to address any other contention Perera raises in this appeal. In light of the foregoing, and the trial court's wide discretion in its decision to admit evidence which will not be disturbed absent an abuse of discretion, see Rodriguez v. State, 327 So.2d 903, 904 (Fla. 3d DCA 1976), we affirm Perera's judgment of conviction and sentence.
Affirmed.