923 So.2d 1262 (2006)
STATE of Florida, Appellant,
v.
Horace WALKER, Appellee.
No. 1D05-3373.
District Court of Appeal of Florida, First District.
March 29, 2006.
*1263 Charlie Crist, Attorney General; Thomas D. Winokur, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
The State appeals a downward departure sentence imposed by the trial court. On appeal, the State argues that three points mandate reversal. First, the reason provided by the trial court, in support of the downward departure, was legally invalid *1264 and cannot support a departure sentence. Second, even if the reason provided by the trial court was valid, it was not supported by competent substantial evidence. Third, the trial court erred in failing to provide written reasons for the departure, as required by Florida Rule of Criminal Procedure 3.701(d)(11) and section 921.001(6), Florida Statutes. We find merit in the State's first argument. Accordingly, we reverse and vacate the sentence imposed by the trial court, and remand for re-sentencing. In light of our reversal on this ground, the State's other arguments on appeal will not be addressed.

Background
Appellee was charged with driving under the influence after having been convicted of DUI on three or more prior occasions, pursuant to section 316.193(2)(b)3, Florida Statutes (2005), and driving while license permanently revoked, pursuant to section 322.341, Florida Statutes (2005). Appellee entered a straightup plea of no contest to both counts. At the plea hearing, the State provided as a factual basis for the charge that appellee was in actual physical control of a vehicle involved in an accident, "blew.24" after he was taken into custody, and that at the time this occurred appellee did not have a valid driver's license. The information indicated that appellee had been convicted of DUI on five occasions prior to the current offenses. The court found that there was a factual basis for the pleas, and that appellee entered the pleas freely, knowingly, and voluntarily.
At sentencing, appellee's attorney argued that he was the only source of income for his family, because his wife was "disabled with a heart condition." Appellee requested a "suspended prison sentence conditioned on such terms as the Court might direct." The only indication that appellee's wife was disabled or in need of appellee's financial assistance, came in the form of his attorney's representations to the court. No evidence was presented on this point. In response to this argument, the State noted that appellee had five previous DUI convictions and seven previous convictions for driving while license suspended. Furthermore the State put forth that appellee was "three times the legal limit" when arrested, and that he was involved in an accident. Ultimately, the State requested five years imprisonment, while bringing attention to the fact that appellee's score sheet called for a minimum term of imprisonment of 21 months.
The court adjudicated appellee guilty on both counts, sentencing him to five-year sentences on each count, to be served concurrently. However, the court suspended the sentences conditioned upon successful completion of five years of probation. The only reason provided by the trial court for this downward departure was appellee's "family situation." The trial court recognized that the sentence was a downward departure, and twice acknowledged that if the State appealed, "they are going to get me reversed." Following the trial court's pronouncement of sentence, the State levied a general objection stating, "[a]nd, Your Honor, for the record, the State would object to the downward departure."

Merits
A trial court's decision to downward depart from a minimum sentence is a two-part process. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). Part one involves a determination of whether there is a valid legal ground and adequate factual support for that ground. Id. This involves a mixed question of law and fact. Id. Whether there is a valid legal ground is a question of law, to be reviewed de novo, and whether there is adequate factual support is a question of fact, to be upheld if competent substantial evidence exists to support the ruling. Id. Part two, whether *1265 the court should depart, occurs only after all part one requirements have been met.
Florida courts have consistently held that family support concerns are not valid reasons for downward departure. See Rafferty v. State, 799 So.2d 243, 248 (Fla. 2d DCA 2001) (concluding "it would not be good public policy for the legislature to punish those with families to support less than those without families"); State v. Bray, 738 So.2d 962, 963 (Fla. 2d DCA 1999) (stating "[w]hile we are not unsympathetic to the trial judge's concern that incarcerating Bray may place the burden of caring for the child on the taxpayers of this state, such a consideration cannot be employed in determining whether one defendant will be incarcerated while another will be given a nonincarcerative sentence"); State v. Warren, 629 So.2d 1014, 1015 (Fla. 4th DCA 1993) (listing the fact that the defendant had an elderly mother who needed his support as one of several insufficient reasons for downward departure); see also State v. Chapman, 805 So.2d 906, 907-08 (Fla. 2d DCA 2001) (noting the court had previously rejected the defendant's need to support his child as a reason for a downward departure). Because the only reason set forth by the trial court in support of its decision to downward depart is not a valid legal ground to support a downward departure, part one of the Banks test has not been satisfied, and this Court must reverse.

Preservation
Despite appellee's contention to the contrary, we hold that the state's general objection to the downward departure, in this case, sufficiently preserved the matter for appellate review. An appeal may not be taken from a trial court judgment or order unless a prejudicial error is properly preserved, or the error amounts to fundamental error. See § 924.051(3), Fla. Stat. (2005). To satisfy this preservation requirement, "an issue, legal argument, or objection to evidence" must be "timely raised before, and ruled on by, the trial court, and ... the issue, legal argument, or objection to evidence" must have been "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2005). "The purpose of this rule is to `place[] the trial judge on notice that error may have been committed, and provide[] him an opportunity to correct it at an early stage of the proceedings.'" Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
In the context of the instant proceeding, it is clear from the hearing transcript that the trial court was aware of the legal errors associated with its ruling. The trial court only provided one reason in support of its downward departure, and the validity of that reason was clearly being challenged by the general objection. The trial court was on notice of its error, and had the opportunity to correct it. Rather than correcting the error, the trial court acknowledged that its actions constituted error, and nevertheless, proceeded down the path of error. The trial court plainly states that it will be reversed on appeal if the matter is taken up for review. This statement clearly evidences that the court was aware of its error. A more specific objection on this point would have been futile and the law does not require futile acts. See Howard v. State, 616 So.2d 484, 485 (Fla. 1st DCA 1993).
REVERSED AND REMANDED for re-sentencing.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.