963 So.2d 747 (2007)
The STATE of Florida, Appellant,
v.
Paul ROBERTS, Appellee.
No. 3D06-2810.
District Court of Appeal of Florida, Third District.
June 20, 2007.
Rehearing and Rehearing Denied September 21, 2007.
Bill McCollum, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before COPE, C.J., and LAGOA, J., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied September 21, 2007.
SCHWARTZ, Senior Judge.
As in State v. Green, 932 So.2d 365 (Fla. 3d DCA 2006), State v. Brownell, 922 So.2d 244 (Fla. 3d DCA 2006), and State v. Mendez, 835 So.2d 375 (Fla. 3d DCA 2003), we reverse the downward departure sentence entered pursuant to a court-initiated agreement with the defendant in which the state did not participate, because it was (of course) unaccompanied by oral or written *748 reasons justifying the departure. See State v. Barr, 947 So.2d 1277 (Fla. 3d DCA 2007); State v. Ahua, 947 So.2d 637 (Fla. 3d DCA 2007); State v. Perez, 802 So.2d 1167 (Fla. 3d DCA 2001), review denied, 823 So.2d 125 (Fla.2002); State v. Paulk, 813 So.2d 152 (Fla. 3d DCA 2002), review denied, 832 So.2d 105 (Fla.2002).
Roberts's only position for affirmance is that the so-called general objection[1] to the sentence was insufficient to preserve the point. We do not agree. The statement to this effect in State v. Merriweather, 875 So.2d 1283 (Fla. 3d DCA 2004), applies, as indicated by the cases cited in support of the proposition, State v. Leggett, 792 So.2d 646 (Fla. 3d DCA 2001); State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998), to situations, unlike this one, in which the state has actually made an offer of a less-than-guidelines sentence but later claims error in the extent of the departure adopted by the trial court. In a case like this one, in which no state offer is involved, the applicable rule is the one which provides that a "general objection" is sufficient when the basis for that objection clearly appears from the context. See State v. Walker, 923 So.2d 1262 (Fla. 1st DCA 2006); State v. Jordan, 867 So.2d 635 (Fla. 5th DCA 2004); Layman v. State, 728 So.2d 814, 817 (Fla. 5th DCA 1999); Smith v. State, 606 So.2d 641, 643 n. 1 (Fla. 1st DCA 1992); Reyes v. State, 580 So.2d 309, 310 n. 4 (Fla. 3d DCA 1991); Anderson v. State, 546 So.2d 65, 67 (Fla. 5th DCA 1989); see also § 90.104(1)(a), (b), Fla. Stat. (2006);[2]cf. Perera v. State, 873 So.2d 389 (Fla. 3d DCA 2004). In this case, and at this stage in the development of the law and practice in this district, it was, and is, perfectly obvious that the state did not agree to the plain, indeed admitted, error in entering a downward departure sentence supported only by a bargain struck between the defendant and the trial judge alone. See Green, 932 So.2d at 365; Brownell, 922 So.2d at 245; Mendez, 835 So.2d at 375. While the facts are stronger than those here, Walker is telling:
Despite appellee's contention to the contrary, we hold that the state's general objection to the downward departure, in this case, sufficiently preserved the matter for appellate review. An appeal may not be taken from a trial court judgment or order unless a prejudicial error is properly preserved, or the error amounts to fundamental error. See § 924.051(3), Fla. Stat. (2005). To satisfy this preservation requirement, "an issue, legal argument, or objection to evidence" must be "timely raised before, and ruled on by, the trial court, and . . . the issue, legal argument, or objection to evidence" must have been "sufficiently precise that it fairly apprised the trial court of the relief sought and the *749 grounds therefore." § 924.051(1)(b), Fla. Stat. (2005). "The purpose of this rule is to `place[ ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings.'" Harrell v. State, 894 So.2d 935, 940 (Fla.2005)(citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
In the context of the instant proceeding, it is clear from the hearing transcript that the trial court was aware of the legal errors associated with its ruling. The trial court only provided one reason in support of its downward departure, and the validity of that reason was clearly being challenged by the general objection. The trial court was on notice of its error, and had the opportunity to correct it. Rather than correcting the error, the trial court acknowledged that its actions constituted error, and nevertheless, proceeded down the path of error. The trial court plainly states that it will be reversed on appeal if the matter is taken up for review. This statement clearly evidences that the court was aware of its error. A more specific objection on this point would have been futile and the law does not require futile acts. See Howard v. State, 616 So.2d 484, 485 (Fla. 1st DCA 1993).
Walker, 923 So.2d at 1265.
The sentence is therefore reversed with directions to enter sentence within the guidelines or to permit the defendant to withdraw his plea.
Reversed and remanded.
LAGOA, J., concurs.
COPE, C.J. (dissenting).
I would affirm the judgment and sentence on authority of paragraph 924.051(1)(b), Florida Statutes (2006) ("`Preserved' means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor."), and State v. Merriweather, 875 So.2d 1283 (Fla. 3d DCA 2004) ("The State's general objection was insufficient to call the trial court's attention to the need for downward departure reasons.").
NOTES
[1] 

THE COURT: That being the case, sir, I find the plea is freely and intelligently made and there is a factual basis for entry of the plea, having reviewed the affidavit.
Sir, I'm going to find you guilty, adjudicate you guilty, and sentence you to the time served in custody.
THE STATE: And that's over the State's objection, Your Honor.
[2] Sections 90.104(1)(a) and (1)(b) provide, in pertinent part:

A court may predicate error . . . on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
(a) When the ruling is one admitting evidence, a timely objection . . . appears on the record, stating the specific ground of objection if the specific ground was not apparent from the context; or
(b) When the ruling is one excluding evidence, the substance of the evidence . . . was apparent from the context within which the questions were asked.
(Emphasis supplied).