968 So.2d 1043 (2007)
STATE of Florida, Appellant,
v.
Michael Anthony COLBERT, Appellee.
No. 5D07-122.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
*1044 Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellee.
LAWSON, J.
The State appeals from Michael Anthony Colbert's downward departure sentence pursuant to section 943.0435, Florida Statutes (2006). Finding that the State failed to preserve the issue it now raises for appellate review, we affirm.
Section 924.051(3), Florida Statutes (2006), provides that a "judgment or sentence may be reversed on appeal only when an appellate court determines after review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error." For purposes of this rule, "preserved" means "that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly appraised the trial court of the relief sought and the grounds therefore." § 924.051(1)(b), Fla. Stat. (2006).
Consistent with this statute, the Florida Supreme Court has held that proper preservation requires the following three components:
First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, "[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."
Harrell v. State, 894 So.2d 935, 940 (Fla. 2005) (emphasis in original) (quoting Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982)); see also Rodriguez v. State, 609 *1045 So.2d 493, 499 (Fla.1992) (stating that "the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal"). "The purpose of this rule is to `place [ ] the trial judge on notice that error may have been committed, and provide [ ] him an opportunity to correct it at an early stage of the proceedings.'" Harrell, 894 So.2d at 940 (quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
We have reviewed the complete record on appeal. The full extent of the prosecutor's objection below was her statement that: "Just for the record, obviously the State objects." It is clear from the transcript provided that some off-record discussions occurred between the parties before Colbert entered his plea, and that these discussions involved some type of factual proffer by Colbert's attorney relating to the basis for departure found by the trial court.[1] It also appears obvious that all parties understood from these off-record discussions that the trial judge would impose a departure sentence, to which the State would object. After taking Colbert's plea, the trial judge simply announced that this "will be a downward departure over the State's objection," and indicated that the basis for departure was section 921.0026(2)(j), Florida Statutes (allowing a downward departure where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.").
We agree with the State that the record does not contain any evidentiary basis to support the trial court's finding that this basis for departure was appropriate. However, because the prosecutor failed to make this objection below, the issue was not preserved for appellate review. In so holding, we recognize that a general objection, such as the one made here, can be sufficient to preserve the State's right to challenge the basis for a downward departure sentence "when the basis for that objection clearly appears from the context," State v. Roberts, 963 So.2d 747 (Fla. 3d DCA 2007), or when "it is clear from the hearing transcript that the trial court was aware of the legal errors associated with its ruling" and therefore "had the opportunity to correct it." State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006). These exceptions do not apply here.
Because of the off-record proffer and discussions, the State's general objection could have meant any number of things. The State could have meant exactly what it now argues on appeal: that the court could not depart unless Colbert put his supporting evidence on the record. If that objection had been timely made, Colbert then would have had the opportunity to respond and place any supporting evidence on the record. Perhaps the State had no objection to counsel simply proffering the evidence, but viewed that evidence as insufficient to support a downward departure under section 921.0026(2)(j). Alternatively, the State could have conceded that whatever evidence had been proffered would support a departure, but then objected to the trial court's decision to exercise his discretion to depart. For all we know, the prosecutor may have agreed, off-record, as to the basis for departure, but indicated that she would still "object for the record." Given the context of this general objection, we simply cannot tell what legal argument the prosecutor was *1046 attempting to make. Therefore, we must affirm. Harrell, 894 So.2d at 940.
AFFIRMED.
PLEUS, J., concurs.
RAINWATER, T., Associate Judge, dissents with opinion.
RAINWATER, T., Associate Judge, dissenting.
I respectfully dissent. While the majority acknowledges the lack of record evidence to support a downward departure in this case, it, nonetheless, affirms the departure sentence because, in its view, the State failed to preserve this issue for appellate review. The majority holds that the State's objection was not specific enough to apprise the trial court of the basis of the objection. I disagree. In my view, the record demonstrates that the court was aware of the basis of the State's objection and had an opportunity to correct its error.
An appeal may not be taken from a trial court judgment or order unless a prejudicial error is properly preserved, or the error amounts to fundamental error. See § 924.051(3), Fla. Stat. (2006). To satisfy this preservation requirement, an issue, argument, or objection must be "timely raised before, and ruled on by, the trial court," and the issue, argument, or objection must have been "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore." § 924.051(1)(b), Fla. Stat. (2006). "The purpose of this rule is to `place [ ] the trial judge on notice that error may have been committed, and provide [ ] him an opportunity to correct it at an early stage of the proceedings.'" Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
However, where the basis of the objection is clear from the context, a "general objection" will suffice. State v. Roberts, 963 So.2d 747 (Fla. 3d DCA 2007) (holding that state's general objection to downward departure was sufficient where it was clear from context that trial court provided only one reason for departure and validity of that reason was being challenged); State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006) ("The trial court only provided one reason in support of its downward departure, and the validity of that reason was clearly being challenged by the general objection. The trial court was on notice of its error, and had the opportunity to correct it."); State v. Jordan, 867 So.2d 635 (Fla. 5th DCA 2004) (holding statement that "[t]he State doesn't feel the prongs have been met by the defense" sufficiently preserved objection to downward departure sentence).
The transcript of the plea and sentencing hearing in this case shows that the trial court properly questioned Colbert regarding his understanding of the rights he was giving up and the voluntariness of his plea, then proceeded to sentence him. Without providing either party the opportunity to present evidence, the court sentenced Colbert, as follows:
THE COURT: I find you are intelligent, you understand your rights, you're making an informed, voluntary waiver of those rights. I will also find based on the information in the court file, probable cause, a factual basis exists for the State to bring the charges, and accept your plea as charged in 06-12673.
All right. Based on that then, we would adjudicate you guilty of the charge of failing to report. We'd sentence you to 180 days Orange County Jail, give you credit for 105 days time served. Additional portion of the sentence would be that you record your correct Florida address within 24 hours *1047 of your release, if not prior to your release to the proper authorities.
. . . .
This will be a downward departure over the State's objection and it'll be cited as a basis, subsection J. The offense was committed in an unsophisticated manner and noting for the record that he was sentenced in Indiana, apparently was reporting in Indiana, moved to Florida, failed to report, which was a violation of Florida law, now has an outstanding warrant in Indiana, but it is based on the same issue that he moved and failed to report there as well as here. So it is kind of a bubbling issue. So that would be the basis of the downward departure. Okay? Anything else?
[THE STATE]: Just for the record, obviously the State objects, and it is my understanding that you are using subsection J of the Florida statute 921.026[sic]?
THE COURT: Yes. In conjunction with the fact that this is interstate transfer of location. There could very well be, pursuant to what his counsel has represented, some miscommunication or misunderstanding that he had to report here because it is a different state. So I am kind of taking a factual scenario in conjunction with J as a reason for downward departure.
[THE STATE]: Just for the record, as part of the case packet, the defendant was provided paperwork when he was released from D.O.C. in Indiana which stated that he had seven days to report any change of address specifically. It does not require just merely Indiana, but that he was required to report.
THE COURT: But does it also have the verbiage that says, including any other state or just in the jurisdiction in which he is?
[THE STATE]: It's not limited to Indiana. It does not have anything beyond that.
THE COURT: Noted for the record. . . .
(Emphasis added).
It is clear from the transcript that the court was well aware of the State's anticipated objection to the departure sentence. When the court announced its sentence, it stated that it was a downward departure "over the state's objection." The State responded, "Just for the record, obviously the State objects. . . ." Under the circumstances presented in this case, the State's general objection was sufficient to place the trial court on notice of the basis for the objection. A more specific objection on this point would have been futile and the law does not require futile acts. Walker, 923 So.2d at 1265. Thus, contrary to the majority's view, I would hold that the State's objection to the downward departure sufficiently preserved the issue for appellate review.
As to the merits, I believe that the trial court erred in entering a departure sentence under the circumstances presented here. Among other things, Florida Rule of Criminal Procedure 3.720 requires that, prior to sentencing, the court must ask the defendant whether any legal cause exists why sentence should not be pronounced and "shall entertain submissions and evidence by the parties that are relevant to the sentence." Fla. R. Crim. P. 3.720(a) & (b). In the present case, the sentencing court did not entertain "submissions and evidence" from either Colbert or the State. Further, a trial court's decision to downward depart from a minimum sentence is a two-part process. The court must determine whether a valid legal ground exists and whether there is adequate factual support for that ground. See e.g., Walker, 923 So.2d at 1264. Here, there was no evidence *1048 presented upon which the court could find a factual basis to support a departure sentence.
I would reverse the downward departure sentence. Ordinarily, a departure sentence that is reversed would be remanded with directions to enter sentence within the guidelines. However, in this case, it is clear that neither the State nor the defense had an opportunity to present evidence or arguments regarding sentencing. Accordingly, I would remand to the trial court for resentencing.
NOTES
[1] In giving his reason for the departure, the trial court expressly referenced information that "[Colbert's] counsel has represented."