709 So.2d 194 (1998)
The STATE of Florida, Appellant,
v.
Alexis Manuel ALVAREZ, Appellee.
No. 97-2635.
District Court of Appeal of Florida, Third District.
May 6, 1998.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, Fort Lauderdale, for appellant.
Bennett H. Brummer, Public Defender, and Craig J. Trocino, Assistant Public Defender, Miami, for appellee.
Before GERSTEN, GODERICH and FLETCHER, JJ.
PER CURIAM.
Appellant, the State of Florida, appeals a downward departure sentence. We reverse, because the trial court failed to provide either written or oral reasons justifying the departure sentence.
Appellee, Alexis Manuel Alvarez (the "defendant"), charged with the burglary of an unoccupied dwelling and criminal mischief, pleaded no contest and accepted a court offer of one year probation with the special condition of successfully completing a court program. This was a downward departure from the guideline sentence of 21 to 35 months. However, the trial court failed to provide either written or oral reasons justifying the downward departure.
By failing to provide written reasons or an oral pronouncement justifying a downward departure from the sentencing guidelines the trial court committed reversible error. See Pease v. State, 22 Fla. L. Weekly S624, ___ So.2d ___ (Fla. Oct. 9, 1997); Gibson v. State, 661 So.2d 288 (Fla.1995). Accordingly, we reverse the defendant's sentence and remand with instructions to allow the defendant to either withdraw his plea and proceed to trial or be resentenced pursuant to the guidelines. See Jones v. State, 639 So.2d 28 (Fla.1994); State v. Nelson, 692 So.2d 319 (Fla. 3d DCA 1997).
Reversed and remanded.