724 So.2d 1216 (1998)
The STATE of Florida, Appellant,
v.
Gonzalo Canovas TURRO, Appellee.
No. 98-537.
District Court of Appeal of Florida, Third District.
December 17, 1998.
Robert A. Butterworth, Attorney General and Wendy Benner-Leon, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
PER CURIAM.
The State appeals the imposition of a downward departure sentence. We reverse.
In October 1997, defendant was charged with grand theft and burglary of an unoccupied conveyance in connection with a September 10, 1997, offense. In November, 1997, the State filed a notice of intent to seek a habitual offender sentence based on defendant's 18 prior felony convictions. A sentencing scoresheet prepared for defendant showed a total of 133.2 points with a minimum sentence of 6.5 years and a maximum sentence of 10.9 years.
In February 1998, over the objection of the State, defendant entered into a plea of guilty under an offer made by the court for a sentence of time served. At the time of the plea the trial court orally announced it was departing from the sentencing guidelines because defendant "is in a physical condition that he would be unable to finish or comply with any term of imprisonment given by this Court, other than what has been given here *1217 today." The only evidence offered as to the forty-nine-year-old defendant's condition was his statement that he had previously had two heart attacks, two heart catheterizations, and was on heart medication, which he could not name. No written reasons for the downward departure sentence were ever filed. The State appeals the downward departure sentence.
The State first argues that we must reverse solely on the basis of the trial court's failure to timely file its written reasons for the sentence as required by section 921.0016(1)(c), Florida Statutes (1997). We reject that argument on authority of Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998) and Jordan v. State, ___ So.2d ___, ___, 1998 WL 621355, 23 Fla. L. Weekly D2130, D2131 (Fla. 3d DCA Sept.16, 1998). There is a transcript of the plea colloquy and the trial court's reasons for its actions are adequately set forth therein.
It is true that the transcript was filed more than seven days after sentencing, see § 921.0016(1)(c), Fla. Stat., but there is no indication that the State was harmed in any way by the delay. The State filed a timely appeal, and in the appeal challenges the departure reasons set forth in the transcript. The delay in filing must be viewed as harmless error. See Weiss, 720 So.2d at 1115. The Criminal Appeal Reform Act
haswe think, quite salutarilyrendered the general harmless error statute, section 924.33, Florida Statutes (1997); see § 59.041, Fla. Stat. (1997), unequivocally applicable to alleged sentencing miscues such as the one now urged upon us. It was always difficult, at best, to discern a rational justification for setting aside an otherwise appropriate sentence just because a piece of paper was filed immaterially late. The legislature has now expressly precluded such a result.
Weiss, 720 So.2d at 1115, 23 Fla. L. Weekly at D2381 (citation omitted).
The State next argues that the downward departure reason is insufficient. On this record, we agree.[1]
The sentencing guidelines allow downward departure where, among other things, "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment," § 921.0016(4)(d), Fla. Stat. (1997). The list of statutory departure reasons is not exclusive, see id. § 921.0016(4), so conceivably other departures on the basis of physical condition might be permissible if supported by the record.
Here, however, there is no meaningful medical evidence in the record. The record only shows defendant's claim that at some unspecified time in the past he suffered two heart attacks and underwent two heart catheterizations. There is no medical documentation of this. There is no competent medical evidence of defendant's condition, past or present, nor is there documentation of physical disability. We also note that the record is completely silent on whether defendant's claimed medical problems emerged after his current arrest or whether the conditions occurred at some previous point in defendant's criminal history.
We reverse the downward departure sentence and remand with leave for the defendant to withdraw his plea. See State v. Alvarez, 709 So.2d 194 (Fla. 3d DCA 1998). Our ruling is without prejudice to the trial court to revisit defendant's medical condition and the issue of downward departure on a more fully developed record. See State v. Bostick, 715 So.2d 298, 299 (Fla. 4th DCA 1998).
Reversed and remanded.
NOTES
[1] Defendant contends that the State did not make an adequate objection to preserve this issue for appellate review. We conclude that the objection was sufficient. The transcript reflects that the parties went on and off the record several times during the plea negotiation. Ultimately, the court conducted the plea colloquy on the record and accepted the plea. When the court announced the downward departure sentence, the court "note[d] the objection of the State." Because the trial court itself acknowledged the previously-made objection, we think the point is sufficiently preserved.