775 So.2d 994 (2000)
The STATE of Florida, Appellant,
v.
Rosario AGUILAR, Appellee.
No. 3D99-1606.
District Court of Appeal of Florida, Third District.
December 13, 2000.
Rehearing Denied January 31, 2001.
*995 Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Ivy R. Ginsberg, Special Assistant Public Defender, for appellee.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
SORONDO, J.
The state appeals the trial court's downward departure from the sentencing guidelines on two grounds. First, the state asserts that the trial court did not provide written reasons or a written transcript of orally stated reasons within seven days after the date of sentencing as required by section 921.0016(1)(c), Florida Statutes (1997); or within fifteen days as required by rule 3.702(d)(18)(a), Florida Rules of Criminal Procedure. Second, the state argues that the grounds argued by the defendant and accepted by the court for the departure were insufficient.
The defendant in this case entered a plea of guilt to the charges of attempted first degree murder, kidnaping with a weapon, and two counts of aggravated child abuse. She filed a motion for downward departure from the permissible sentencing guideline range, the bottom of which was 24.12 years in state prison, based upon the fact that she was remorseful, see § 921.0026(j), Fla. Stat. (1997); and that she required specialized treatment for a mental disorder and was amenable to treatment, see section 921.0026(d). The state objected to the downward departure arguing that under State v. Gitto, 731 So.2d 686 (Fla. 5th DCA 1999), the trial court could not offer the defendant a plea over the state's objection.[1] This objection was predicated on a plea conference conducted in chambers prior to the sentencing hearing, where both the prosecutor and defense counsel were present.
At that conference the state offered the defendant a plea bargain to ten years in state prison to be followed by a probationary period of ten to fifteen years. After hearing from both sides, the judge advised defense counsel that she was considering a sentence of five years to be followed by a lengthy probationary period. The court, however, did not offer the defendant a plea bargain. The defendant entered her plea of guilt without any guaranteed sentence, and after having been warned that she was facing a potential life sentence. Ultimately, after hearing from both sides at the sentencing hearing, the court imposed a total sentence of six years in state prison to be followed by twenty years of probation. The court further imposed several special conditions, among them that defendant not care for any children, nor have *996 contact with her own children without the trial court's prior consent, and ordered the defendant to participate in therapy one time per week during the probationary period.
We do not reach the validity of the reasons for the trial judge's downward departure because at the hearing, the state asked the trial court to sentence the defendant to a term of fifteen years in prison to be followed by ten years of probation. The state was, therefore, also seeking a downward departure sentence. At no time did the state ask the trial court to impose a guideline sentence. The record clearly establishes that everyone involved, the prosecutor, the defendant and the judge, believed that a downward departure was appropriate. The disagreement was not on the propriety of the departure but on the magnitude. Where the state and the defendant agree that a departure from the sentencing guidelines is appropriate, the extent of the departure is within the sound discretion of the trial judge. See State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); see also State v. Cure, 760 So.2d 243 (Fla. 3d DCA 2000). We can find no abuse of discretion on this record.
Affirmed.
NOTES
[1] Gitto was subsequently disapproved in State v. Warner, 762 So.2d 507 (Fla.2000).