803 So.2d 799 (2001)
Donald Wesley VAUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4668.
District Court of Appeal of Florida, First District.
December 7, 2001.
Rehearing Denied January 15, 2002.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
*800 Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which the appellant seeks resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). The appellant's original sentence was a true split sentence, wherein the entire prison term of five years was suspended provided the appellant successfully complete two years of community control and three years of probation. The trial court entered valid reasons for the downward departure.
The appellant took full advantage of what clearly constituted a downward departure sentence under either the 1995 or the 1994 guidelines. Even if the suspended prison term of the original sentence was in excess of the term provided for under the 1994 guidelines, "[one] who takes advantage of an invalid sentence until he violates community control is estopped to assert the invalidity of his original sentence." See Dupree v. State, 708 So.2d 968, 971 (Fla. 1st DCA 1998), quoting Stroble v. State, 689 So.2d 1089, 1090 (Fla. 5th DCA), review denied, 697 So.2d 512 (Fla.1997). Thus, having accepted the benefits of the suspended sentence, the appellant is now estopped to challenge the imposition of the unsuspended term as violative of Heggs upon violation of supervision.
AFFIRMED.
ALLEN, C.J., MINER and DAVIS, JJ., concur.