813 So.2d 152 (2002)
The STATE of Florida, Appellant,
v.
Kenneth PAULK, Appellee.
No. 3D01-2523.
District Court of Appeal of Florida, Third District.
March 13, 2002.
Rehearing, Rehearing and Certification of Conflict Denied April 26, 2002.
*153 Robert A. Butterworth, Attorney General, and Paulette Taylor, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before JORGENSON, GREEN and SORONDO, JJ.
Rehearing, Rehearing En Banc and Certification of Conflict Denied April 26, 2002.
PER CURIAM.
The State of Florida appeals the imposition of the downward departure sentence of Kenneth Paulk. We reverse.
The defendant was charged with burglary of an unoccupied structure, possession of burglary tools and petit theft. The defendant was subsequently charged in a second case with burglary of an unoccupied conveyance and grand theft. The State filed a notice of its intent to seek a habitual felony offender sentence.
On August 22, 2001, the defendant appeared before the court for sentencing. The State informed the court that the defendant qualified as a habitual offender and pointed out that the defendant's sentencing guideline scoresheet showed a minimum sentence of 89.43 months. The court then offered the defendant a three year sentence for both cases. After a sidebar conference, the court granted the defendant a furlough to the following Tuesday and agreed to sentence the defendant to five years state prison on the first case, not as a habitual offender, and ten years on the second case, as a habitual offender. This sentence would be mitigated to three years upon the defendant's return from furlough. The court informed the defendant that the State might object to this sentence and appeal.
On the following Tuesday when the defendant returned from furlough, the State informed the judge, "Judge you wanted to know whether the State was going to appeal. I talked to the head of career criminal. Since the plea was below, almost five years below the guidelines, the State is telling you that Mr. Casso is indicating the State will appeal this." Following another sidebar conference, the court held, "not withstanding the State's advisement of them taking an appeal, I am going to mitigate the sentence to three years as a habitual offender, as I said I would." The court orally announced that it was departing from the sentencing guidelines because there were some health problems that pertain to the defendant and because of the defendant's good work in the community prior to his charges. The court entered a downward departure of three years for both cases. No written reasons for the downward departure were ever filed. The State appeals arguing that the court erred when it imposed a sentence below the permitted guideline sentence without providing any reason for the departure sentence.
*154 The defendant contends that the State did not preserve its objection to the downward departure. We disagree. No magic words are needed to make a proper objection. Williams v. State, 414 So.2d 509 (Fla.1982). An issue is preserved for appeal if the attorney's articulated concern is sufficiently specific to inform the court of the alleged error. Id. We conclude the State's objection was sufficient. See State v. Barnes, 753 So.2d 605 (Fla. 2d DCA 2000) (state does not have to advise the court specifically that the reason for the departure is invalid in order to preserve objection to the downward departure for appellate review).
During plea negotiations, the parties went on and off the record several times. Ultimately, the court conducted the plea colloquy but informed the defendant that the State might object and appeal this sentence. At the beginning of the second hearing, the State immediately informed the court that it was planning on appealing the sentence. The judge noted that despite being informed that the State was going to appeal, he was still going to enter the downward departure. We think the State's objection to the departure sentence was sufficiently preserved. See State v. Turro, 724 So.2d 1216, 1217 n. 1 (Fla. 3d DCA 1998)(where transcript reflects the parties went off the record several times during plea negotiations and court subsequently acknowledged the objection of the State, issue was preserved for appellate review).
The State argues that the reason for downward departure is insufficient. We agree. A trial court must impose a guideline sentence unless the court finds that the evidence supports a valid reason for a departure sentence. See Fla. R.Crim. P. 3.701(d)(11). In this case, the trial judge made a general reference to the defendant's health and good work in the community as a basis for offering defendant the downward departure sentence.[1] While we recognize that departures on the basis of physical condition might be permissible, they must be supported by the record. Turro, 724 So.2d at 1217. In this case, there was no medical evidence of the defendant's condition offered. Accordingly, we reverse the downward departure sentence and remand with instructions to allow the defendant to either withdraw his plea and proceed to trial or be re-sentenced pursuant to the guidelines. See State v. Alvarez, 709 So.2d 194 (Fla. 3d DCA 1998). Our ruling is without prejudice to the trial court to revisit the issue of downward departure on a more fully developed record. See Pease v. State, 712 So.2d 374, 376, n. 2 (Fla.1997).
NOTES
[1] We have not found any case law that suggests that good work in the community is a valid basis for departure. Even if such case law exists, there was no evidence offered to support this reason.