842 So.2d 257 (2003)
STATE of Florida, Appellant,
v.
Jackie Jerome WHITE, Appellee.
No. 1D02-1739.
District Court of Appeal of Florida, First District.
April 10, 2003.
*258 Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, Attorneys for Appellant.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, Attorneys for Appellee.
PER CURIAM.
The State appeals the imposition of a drug offender probation sentence, with the incarcerative portion of the sentence suspended, after Appellee pled nolo contendere to the sale of cocaine within 1000 feet of a church. We reverse.
A sentence consisting of a completely suspended prison term followed by a probationary period falls below the sentencing guidelines. See State v. Powell, 703 So.2d 444 (Fla.1997); State v. Solomon, 667 So.2d 937 (Fla. 2d DCA 1996). Therefore, as a matter of law, such a sentence is treated as a downward departure sentence. See State v. Henriquez, 717 So.2d 1087, 1097 (Fla. 3d DCA 1998); see also Vause v. State, 803 So.2d 799 (Fla. 1st DCA 2001). Valid reasons must exist for the downward departure. See Powell, 703 So.2d at 446.
Pursuant to Florida Rule of Criminal Procedure 3.703(d)(30)(A), the court must orally announce the reasons for departure and accompany the oral pronouncement with a written statement, outlining those reasons. Section 921.001(6), Florida Statutes (2001), and section 921.0016(1)(c), Florida Statutes (2001), also require written reasons for departure. In the present case, the trial court did not give any reasons for the downward departure. The trial court appears to have focused on Appellee's drug addiction as the cause of his criminal conduct and structured its sentencing toward assisting Appellee in obtaining drug rehabilitation. However, drug abuse is no longer a valid mitigating circumstance justifying departure. See § 921.0016(5), Fla. Stat. (2001); see also State v. Lazo, 761 So.2d 1244 (Fla. 2d DCA 2000) (stating that a defendant's drug addiction and his amenability to rehabilitation are not valid reasons for a downward departure).
As the trial court failed to provide both oral and written reasons for the departure, it was error for the trial court to impose a downward departure sentence. Accordingly, we reverse and remand for resentencing.
*259 REVERSED and REMANDED for resentencing.
BOOTH, BENTON and POLSTON, JJ., concur.