PER CURIAM.
In the case before us the State is appealing the imposition of a downward departure sentence that was imposed after Appellee pled no contest to charges in several cases. We reverse.
Appellee’s Criminal Punishment Code scoresheet recommended a lowest permissible sentence of 74.7 months’ imprisonment, but the trial court sentenced Ap-pellee to concurrent terms of 60 months’ imprisonment. “Pursuant to Florida Rule of Criminal Procedure 3.703(d)(30)(A), the court must orally announce the reasons for departure and accompany the oral pronouncement with a written statement, outlining those reasons.” State v. White, 842 So.2d 257 (Fla. 1st DCA 2003).
At the sentencing hearing, the trial court failed to announce the reasons for the departure sentence. In response to Appellee’s motion to correct a sentencing error, the trial court did file written reasons to support the sentence. However, written reasons alone cannot support a departure sentence. It is a longstanding principle that a court’s oral pronouncement controls over any written sentencing document. Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003). Additionally, trial courts are not permitted to go behind the oral pronouncement to correct sentencing mistakes. Cf. id. (reversing the defendant’s habitual violent felony offender sentence because the trial court failed to pronounce such a sentence even though it was reflected in the written judgment and sentence); State v. Williams, 712 So.2d 762 (Fla.1998) (holding that special conditions of probation must be orally pronounced at sentencing in order to be included in the written probation order).
Because the trial court failed to provide oral reasons for the departure, it was error for the trial court to impose a downward departure sentence. Accordingly, we reverse and remand for resentencing.
REVERSED and REMANDED for re-sentencing.
ERVIN and BOOTH, JJ., and SMITH, LARRY G., Senior Judge, concur.