882 So.2d 401 (2004)
The STATE of Florida, Appellant,
v.
O'Neal BRYANT, Appellee.
No. 3D04-72.
District Court of Appeal of Florida, Third District.
July 7, 2004.
Rehearing and Rehearing Denied September 24, 2004.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot, Assistant Attorney General, and Adrienne Sampson, Certified Legal Intern, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and GODERICH, JJ., and DELL, JOHN W., Senior Judge., JJ.
Rehearing and Rehearing En Banc Denied September 24, 2004.
PER CURIAM.
The State of Florida appeals the imposition of the downward departure sentence of the defendant, O'Neal Bryant. We reverse and remand.
The defendant was charged with burglary of an unoccupied conveyance and grand theft. The defendant pled guilty to both charges. Over the State's objection, the trial court sentenced the defendant to a downward departure sentence without providing either oral or written reasons.
As the State correctly argues, the trial court reversibly erred by failing to provide either oral or written reasons for the downward departure. State v. White, 842 So.2d 257 (Fla. 1st DCA 2003); State v. Johnson, 796 So.2d 1213 (Fla. 3d DCA 2001). As such, "we reverse the downward departure sentence and remand with instructions to allow the defendant to either withdraw his plea and proceed to trial or be re-sentenced pursuant to the guidelines. Our ruling is without prejudice to the trial court to revisit the issue of downward departure on a more fully developed record." State v. Paulk, 813 So.2d 152 (Fla. 3d DCA 2002) (citations omitted).
Reversed and remanded with instructions.