COPE, J.
(concurring).
Although the issue is not now before us, I write separately to express my view of the merits. As I see it, Judge Crespo’s statement of the law was entirely correct and the position of defendant-appellant Dozier is without merit.
I.
The defendant entered a guilty plea to charges of racketeering, attempted racketeering, and sale of cocaine.[1] The minimum sentence under the guidelines scoresheet was thirteen years. The State proposed a downward departure sentence of eight years in exchange for a guilty plea.
The defense wanted a split sentence of four years of incarceration followed by four years of probation, or five incarceration followed by three years of probation. The State would not agree to anything lower than eight years of incarceration.
The court explained to the defendant that with the concurrence of the State and the defense, the court could impose a downward departure sentence of eight years. Apart from a plea bargain, there were no other valid grounds for downward departure in the circumstances of the defendant’s case. The court explained that if it imposed (over State objection) the requested sentence of four or five years incarceration, then the State would appeal and the sentence would be reversed on appeal. The defense made no objection to the judge’s statement of the law, or any contrary argument regarding the judge’s sentencing discretion.
The court then said:
So it is not a question of me wanting to help you, or not wanting to help you, or wanting to help your family. Believe me, if it was up to me, I would not give you eight years.
But it is not up to me, because I have seen a lot of wors[e] people commit a lot *663 of wors[e] crimes that haven’t gotten eight years.
But in your particular case, with all of the facts and circumstances that are surrounding your arrest and how this case arose, that is your guidelines, 13 years. I am going as far as I can below that to eight years. I can’t go down any lower....
R. 325.
After this discussion the defendant accepted the eight-year offer. The court conducted the customary plea colloquy and imposed the eight-year sentence.
The defendant has appealed, arguing that once the State agreed to the downward departure sentence of eight years, this meant that the judge was authorized to impose an even greater downward departure sentence. The defendant claims that the trial court could have imposed a four-year sentence. The defendant argues that once there is a downward departure, the extent of the departure is discretionary with the trial judge. Under the circumstances of this case the defendant’s analysis is incorrect.
II.
Under the Criminal Punishment Code, a trial court may enter a downward departure sentence where “[t]he departure results from a legitimate, uncoerced plea bargain.” § 921.0026(2)(a), Fla. Stat. (2000). A plea bargain is, of course, a contract and is governed by contract principles. See Clark v. State, 651 So.2d 1309, 1310 (Fla. 3d DCA 1995).
In order for there to be a plea agreement, there must be a meeting of the minds between the contracting parties— the State and the defendant — and the agreement must be approved by the trial court.[2] See Fla. R.Crim. P. 3.71; Brown v. State, 367 So.2d 616, 622 (Fla.1979).
For there to be a legitimate reason for downward departure, there must actually be a plea bargain, that is, an agreement between the parties. If the trial court unilaterally deviates from the agreement and imposes a four-year sentence, there is no longer any agreement because the State has not agreed to the four-year sentence. If there is no longer an agreement then there is no longer a valid downward departure reason under paragraph 921.0026(2)(e), Florida Statutes.
The Second District has squarely addressed the issue now before us in State v. Hale, 682 So.2d 613 (Fla. 2d DCA 1996). The court said:
The State and Hale had entered into a plea agreement that called for a downward departure from the sentencing guidelines; however, the court did not impose the agreed upon sentence and instead imposed a different departure sentence. Because Hale’s actual sentence was not the result of a legitimate plea bargain, the written departure reason is not supported by the record. Accordingly, we reverse and remand with directions to the trial court to either impose the sentence negotiated between Hale and the State or allow Hale to withdraw his plea.
Id. at 614.
The defendant argues that his position is supported by State v. Aguilar, 775 So.2d 994 (Fla. 3d DCA 2000), but that case dealt with an entirely differently situation. In Aguilar there was no agreement on length of sentence. Instead, the plea bargain called for the defendant to plead guilty and leave sentencing up to the trial court. At sentencing, both parties argued for a *664 downward departure, and the trial court imposed a sentence shorter than the one requested by the State. Writing in that context — a plea bargain which did not include an agreement on length of sentence — this court said, “Where the state and the defendant agree that a departure from the sentencing guidelines is appropriate, the extent of the departure is within the sound discretion of the trial judge.” 775 So.2d at 996 (citations omitted). The Aguilar decision has no application here, where the plea bargain was for an eight-year sentence.
The defense does not appear to have considered the ramifications of the position it advocates. If it were true that upon reaching a plea bargain for a downward departure sentence, the trial court may impose any sentence it chooses, this principle could operate to disadvantage the defendant just as well as the State. For example, in this case the guidelines minimum is thirteen years and the plea bargain is for eight years. If the defendant is correct that the trial court is not constrained by the terms of the approved plea bargain, then the trial court could impose, say, a twelve-year sentence despite the defendant’s objection. A twelve-year sentence would be a permissible sentence under the defendant’s theory, because twelve years is a downward departure from a thirteen-year sentence — but as the defendant would be quick to point out, his agreement was for eight years, not twelve years.
The analysis of the Second District in State v. Hale is correct. The defense argument here is incorrect.

. The charged crimes occurred between January 1, 2003 and June 24, 2003.

. There are times when the court itself will make an offer, but even in that situation there must be agreement, or at least acquiescence, by the parties.