922 So.2d 244 (2006)
The STATE of Florida, Appellant,
v.
Justin BROWNELL, Appellee.
No. 3D04-68.
District Court of Appeal of Florida, Third District.
January 18, 2006.
Rehearing and Rehearing Denied March 20, 2006.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied March 20, 2006.
SUAREZ, J.
The State appeals a downward departure after a plea and sentence as a habitual offender to attempted robbery, battery and grand theft of a vehicle. We reverse.
The defendant was charged with one count of attempted robbery, one count of battery and one count of third degree grand theft of a vehicle. At the defendant's *245 arraignment, the State requested that the defendant be sentenced as a habitual offender, and the prosecutor informed the trial judge that the lowest permissible sentence was 29.1 months in state prison. The defendant pled guilty. The trial judge sentenced the defendant, upon his request, to two consecutive, 364-day terms in the county jail as a habitual offender over the State's objection to the downward departure.
The State now appeals the downward departure and claims error in the failure of the trial court to support the sentence either orally or in writing.
The objection presented by the State to the trial judge to the downward departure along with the information provided by the State to the trial court of the lowest permissible sentence were sufficient to preserve the objection to the downward departure for appellate review. State v. Roberts, 824 So.2d 908 (Fla. 3d DCA 2002); State v. Paulk, 813 So.2d 152 (Fla. 3d DCA 2002); State v. Barnes, 753 So.2d 605 (Fla. 2d DCA 2000).
Since the trial judge failed to state any reason for the downward departure, either orally or in writing, the conviction and sentence are reversed and the cause is remanded to the trial court to give the trial judge the opportunity to re-sentence the defendant and provide the written reasons for the departure sentence or to allow the defendant the opportunity to withdraw his plea and proceed to trial or be resentenced under the guidelines. § 921.002(3), Fla. Stat. (2005); State v. Rinkins, 646 So.2d 727 (Fla.1994) (even if defendant habitual offender, trial court required to state appropriate written reasons for downward departure); State v. McLeod, 652 So.2d 923 (Fla. 3d DCA 1995) (same). See also State v. Bryant, 882 So.2d 401 (Fla. 3d DCA 2004); State v. Mendez, 835 So.2d 375 (Fla. 3d DCA 2003).
Reversed and remanded with directions.