SUAREZ, J.
Upon the Public Defender’s concession of error that the defendant’s habitual felony offender sentence of 180 days in county jail was below the guidelines absent written reasons for departure and that the trial court had no jurisdiction to vacate the defendant’s plea and sentence because the State had already filed a notice of appeal, we reverse.
The defendant was charged with three counts of possession of narcotics. The State filed a notice of intent to seek an enhanced penalty as a habitual felony offender. At the arraignment, on December 21, 2006, the State" offered a bottom-of-the-guidelines plea offer of 18.15 months in state prison as a habitual felony offender. Over the State’s objection, the trial court sentenced the defendant to 180 days in county jail as a habitual felony offender. The State filed a notice of appeal of the downward departure guidelines sentence on December 28, 2006. The following day, the trial court vacated the defendant’s sentence and set the cause for trial.
The defense concedes that the 180-day sentence was error because it was below the guidelines and the trial court failed to provide written departure reasons. Further, the defense concedes that the trial court had no jurisdiction to vacate the plea and sentence because the State had already filed a notice of appeal.
Therefore, the cause is remanded in order to give the defendant an opportunity to withdraw his plea and proceed to trial or be re-sentenced under the guidelines. See State v. Brownell, 922 So.2d 244 (Fla. 3d DCA 2006).
Reversed and remanded.