976 So.2d 645 (2008)
The STATE of Florida, Appellant,
v.
Laffayette BERRY, Appellee.
No. 3D07-904.
District Court of Appeal of Florida, Third District.
March 12, 2008.
Bill McCollum, Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Colleen Brady Ward, Assistant Public Defender, for appellee.
Before COPE, GREEN, and WELLS, JJ.
PER CURIAM.
The State appeals a downward departure sentence. We reverse for further proceedings.
The State offered a downward departure sentence to defendant-appellant Laffayette Berry. When the case came before the trial court, the defendant requested, and the trial court indicated agreement in concept, on a shorter sentence than the State had offered. Had the State's downward departure offer remained open, then the trial court could have accepted the defendant's plea and imposed an even greater downward departure. State v. Aguilar, 775 So.2d 994, 996 (Fla. 3d DCA 2000).
The State timely withdrew its offer, however, and objected to the imposition of sentence below the guidelines minimum. Over objection, the trial court imposed a downward departure sentence without stating written reasons. The State has appealed.
In the absence of a valid reason for downward departure, we are obliged to reverse and remand for resentencing consistent with the guidelines, or to permit the defendant to withdraw his plea. State v. Green, 932 So.2d 365 (Fla. 3d DCA 2006). The defendant suggests that there is a valid reason for downward departure. That issue can be raised in the trial court on remand. As to the suggestion that a victim's consent can, in and of itself, constitute a valid downward departure reason, the parties' attention is invited to State v. Kasten, 775 So.2d 992 (Fla. 3d DCA 2000).
*646 Reversed and remanded for further proceedings consistent herewith.