PER CURIAM.
This is a State appeal of a downward departure sentence. We reverse.
Defendant-appellee Melvin Glenn was on probation in Miami-Dade County Circuit Court case number 06-37680 (“the 2006 case”), for aggravated stalking and other offenses. He was charged in Miami-Dade County Circuit Court case number 07-19014 (“the 2007 case”) with grand theft of an automobile. The grand theft charge also provided the basis for an affidavit of violation of probation in the 2006 case.
Over State objection, the trial court offered, and the defendant accepted, a plea agreement whereby the defendant would plead guilty in both cases and the defendant would be sentenced to a term of 180 days in the county jail, with credit for time previously served. The State objected, among other things, that the sentence was below the guidelines minimum. No reasons were offered for the downward departure sentence. The trial court sentenced the defendant pursuant to the agreement. The State has appealed in the 2007 case only.
The State argues that the sentencing order must be reversed because there were no downward departure reasons. The defense concedes that the State’s position is well taken. See State v. Brownell, 922 So.2d 244, 245 (Fla. 3d DCA 2006); State v. Roberts, 824 So.2d 908 (Fla. 3d DCA 2002); State v. Paulk, 813 So.2d 152, 154 (Fla. 3d DCA 2002). We therefore reverse the sentencing order. On remand the defendant must be given the option of either withdrawing his plea or being resen-tenced within the sentencing guidelines. Franquiz v. State, 682 So.2d 536, 538 (Fla.1996).
Reversed and remanded for further proceedings consistent herewith.