990 So.2d 1115 (2008)
The STATE of Florida, Appellant,
v.
Lettrice JOHNSON, Appellee.
No. 3D07-578.
District Court of Appeal of Florida, Third District.
June 18, 2008.
Rehearing and Rehearing En Banc Denied October 2, 2008.
Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellee.
Before GERSTEN, C.J., and COPE and LAGOA, JJ.
GERSTEN, C.J.
The State of Florida ("the State") appeals Lettrice Johnson's ("Johnson") downward departure sentence. We reverse and remand.
The State asserts error in Johnson's below-guidelines sentence because the trial court failed to supply written reasons for the downward departure. Johnson contends that the State did not sufficiently object to the downward departure, thus not preserving the issue for appeal. We agree with the State.
*1116 First, no "magic words" are needed to make a proper objection. State v. Paulk, 813 So.2d 152, 154 (Fla. 3d DCA 2002). If an attorney's articulated concern informs the court of the alleged error, then the issue is properly preserved for appeal. 813 So.2d at 154. Further, a "general objection" is sufficient when the basis for that objection clearly appears from the context. State v. Roberts, 963 So.2d 747 (Fla. 3d DCA 2007).
Similarly, no magic words are necessary to require a trial court to follow the sentencing guidelines. Regardless, here, the sentencing guidelines scoresheet is part of the record. The trial court, however, aware of the guideline range, and the laws attendant to them, failed to give written reasons for the downward departure sentence or to file orally stated reasons within seven days after Johnson's sentencing. See § 921.0016(1)(c), Fla. Stat. (2006).
A trial court must impose a guideline sentence unless the evidence supports a valid reason for a departure sentence. See Fla. R.Crim. P. 3.701(d)(11); see also Paulk, 813 So.2d at 154. If the trial court imposes a downward departure sentence, then it must provide written reasons for the departure. Fla. R.Crim. P. 3.701(d)(11). Thus, we find that the trial court reversibly erred by failing to give written reasons justifying Johnson's downward departure sentence.
Accordingly, Johnson's sentence is reversed, and the cause is remanded to the trial court to either allow Johnson to withdraw his plea and proceed to trial or be re-sentenced pursuant to the sentencing guidelines.
Reversed and remanded with instructions.
LAGOA, J., concurs.
COPE, J. (dissenting).
The point is not properly preserved for appellate review. Except where there is fundamental error (which this error is not), the argument on appeal must be "timely raised before, and ruled on by, the trial court, and . . . the issue, legal argument, or objection to evidence . . . sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2006). The prosecutor never mentioned the sentencing guidelines. There is no mention of the scoresheet being shown to the judge. The judge did not sign the scoresheet. The claim of error is not preserved. The order now before us should be affirmed.