990 So.2d 597 (2008)
The STATE of Florida, Appellant,
v.
Edgar LAGO, Appellee.
No. 3D07-1686.
District Court of Appeal of Florida, Third District.
August 20, 2008.
*598 Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellee.
Before COPE, SUAREZ, and ROTHENBERG, JJ.
COPE, J.
This is a State appeal of a downward departure sentence. We conclude that the downward departure sentence must be reversed.
At a hearing, the State made a plea offer to defendant-appellee Edgar Lago for three years of incarceration, followed by two years of community control, followed by ten years of probation. The defendant rejected the offer.
The court made a court offer for county jail time instead of state prison time, followed by two years of community control and ten years of probation. The State timely objected that this was an offer for a downward departure sentence which would require departure reasons. The State argued that once the defendant rejected the State offer, the State offer was "off the table."
The trial court overruled the objection and imposed the downward departure sentence. The court reasoned that since the State had made a below guidelines offer to the defendant, the trial court could do so as well. The court also gave two downward departure reasons. The State has appealed.
The first question is whether the downward departure sentence was authorized because the State had made a downward departure plea offer, which the defendant rejected. The answer is no.
The defendant maintains that a downward departure was authorized by this court's decision in State v. Aguilar, 775 So.2d 994 (Fla. 3d DCA 2000), but that case is inapplicable. In Aguilar, the defendant entered a guilty plea with the sentencing decision to be left up to the court. At the sentencing proceeding, the State asked the trial court to sentence the defendant to a downward departure sentence of fifteen years incarceration, followed by ten years of probation. Id. at 996. The court imposed a downward departure sentence of six years in prison to be followed by twenty years of probation and special conditions. Id. at 995. "The disagreement was not on the propriety of the [downward] departure but on the magnitude. Where the State and the defendant agree that a departure from the sentencing guidelines is appropriate, the extent of the departure is within the sound discretion of the trial judge." Id. at 996.
Our court has subsequently held that Aguilar does not apply where the State timely withdraws its offer for a downward departure sentence. State v. Berry, 976 So.2d 645 (Fla. 3d DCA 2008). In Berry, the State had made an offer to the defendant for a downward departure sentence but timely withdrew the offer and objected to the imposition of a sentence below the guidelines minimum. The trial court imposed a downward departure sentence over the State's objection, and without any valid reasons for downward departure. Id. This court held that Aguilar was inapplicable and reversed the downward departure sentence. Berry, 976 So.2d at 645; see also State v. Johnson, 512 So.2d 1116, 1117 (Fla. 3d DCA 1987).
In the present case the defendant rejected the State's plea offer. The fact that the State had previously made a *599 downward departure offer (which was rejected) does not support a downward departure. The trial court could not enter a downward departure sentence without valid departure reasons.
The next question is whether the trial court's downward departure reasons were valid. We conclude that they were not.
The trial court said that it had ordered the downward departure sentence "because of the age of the defendant and because the Court feels it's in the best interest of the victim of the case not to be called upon to undergo depositions and have to testify in trial." The State contends that these reasons are legally insufficient.
In this case the defendant was charged with five counts of sexual battery on a victim under twelve years of age by a person under the age of eighteen years, and two counts of lewd and lascivious molestation on a child under twelve years by a person under the age of eighteen years. See §§ 794.011(2), 800.04(5)(c)1., Fla.Stat. (2002). The crimes were alleged to have occurred between 2002 and 2005. Based on the charging documents, there is support for the proposition that the defendant was of a young age, approximately fourteen to sixteen, at the time he committed the crimes.
This court has said, however, that "[a] defendant's youthful age alone ... will not justify a departure sentence. There must also be evidence that the defendant is emotionally immature or lacks ordinary intelligence." State v. Salgado, 948 So.2d 12, 15 (Fla. 3d DCA 2006). It has also been held that "age, coupled with immaturity or the inability to appreciate the consequences of an offense, may be a valid reason to depart." State v. Strawser, 921 So.2d 705, 707 (Fla. 4th DCA 2006). No evidence was presented at the plea hearing regarding the defendant's lack of ordinary intelligence, or immaturity at the time of the crimes, or inability to appreciate the consequences of the charged offenses.
The trial court also stated that it was "in the best interest of the victim of the case not to be called upon to undergo depositions and have to testify in trial." The record reflects that the victim was under eleven at the time of the charged crimes, but no evidence was presented about the victim. There is nothing in the record which would establish why it was in the best interest of the victim not to be called on to undergo depositions and testify at trial. In the absence of a particularized factual record we decline to reach the question whether a downward departure can be ordered on the theory that it was in the best interest of the victim not to testify.
For the stated reasons, we reverse the sentencing order and remand for further proceedings. The defendant must be afforded an opportunity to withdraw his plea. Our ruling is without prejudice to the trial court again to consider a downward departure sentence if there is a legally sufficient departure reason based on an appropriate factual record.
Reversed and remanded for further proceedings consistent herewith.