990 So.2d 1265 (2008)
The STATE of Florida, Appellant,
v.
Milton NOBLE, Appellee.
No. 3D07-505.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellee.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.

ON MOTION FOR CLARIFICATION AND MOTION FOR REHEARING
SALTER, J.
On consideration of the defendant's motion for clarification and motion for rehearing, the Court grants the motions, withdraws the opinion issued on September 3, 2008, and substitutes the following in its stead.
The State of Florida appeals the imposition of a downward departure sentence on the ground the trial court failed to provide written reasons or a written transcript of orally stated reasons, as required by section 921.00265, Florida Statutes (2006). We agree and reverse and remand to permit the defendant to withdraw his plea, or for resentencing either in accordance with the sentencing guidelines (or, if below the guidelines, with the requisite findings). See Brown v. State, 687 So.2d 1300 (Fla. 1997).
At the onset of the violation hearing, the State offered the defendant a below-guidelines plea and sentence of ten years as a habitual offender. When the trial court indicated it was inclined to offer the defendant an even lower sentence, the State objected and withdrew from plea negotiations. The trial court then accepted a guilty plea from the defendant and sentenced *1266 him to five years as a habitual offender. No written or valid oral recitation of reasons was given for the departure.
The defendant argues that the State's action releases the trial court from the strictures of section 921.00265, invoking State v. Aguilar, 775 So.2d 994 (Fla. 3d DCA 2000). Otherwise, argues the defendant, "Anytime the State offered a below-guidelines sentence and the court offered a lower sentence, the State would be able to withdraw based on its objection that the departure was now too low." As defense counsel necessarily and honorably conceded at oral argument, however, this argument has been precluded by our recent decision in State v. Berry, 976 So.2d 645 (Fla. 3d DCA 2008),[1] a case which is factually indistinguishable from ours.
Reversed and remanded with directions.
NOTES
[1] Defendant's answer brief was filed before our opinion in Berry issued.