3 So.3d 349 (2008)
The STATE of Florida, Appellant,
v.
Ravann WEAVER, Appellee.
No. 3D08-754.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Rehearing and Rehearing En Banc Denied March 17, 2009.
Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.
Before RAMIREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, J.
We find that the trial court erred by sentencing defendant below the three-year minimum mandatory sentence required by statute. § 775.087(2)(a)(1)r, Fla. Stat. (2005).
The State charged defendant, a convicted felon, with violating sections 790.23(1), Fla. Stat. (2004) and 775.087, Fla. Stat. (2005), for carrying a concealed weapon during the commission of a crime. In exchange for his guilty plea, the State had offered defendant eighteen months in prison with no credit for time served and had agreed to waive the applicable three-year minimum mandatory sentence. Defendant did not accept the State's offer. Without explanation and without the State's acquiescence, the judge then offered defendant eighteen months in prison with credit for time served. In response, the State objected to the court's plea offer and withdrew from plea negotiations.
During the plea colloquy between the court and the defendant, during which the State remained silent, the trial court inquired as follows:
Court: Do you understand if this case had proceeded to trial the maximum sentence you were facing was fifteen years in state prison with a three-year minimum mandatory?
Defendant: Right.
At the conclusion of the plea colloquy, the trial court sentenced defendant to eighteen months in prison with credit for time served.
We find that the court was without discretion to deviate downward from the statutory minimum. § 775.087(2)(a)(1)r, Fla. Stat. (2005); see State v. Davis, 834 So.2d 898, 899 (Fla. 3d DCA 2002). By doing so, the court erred as a matter of law. See State v. Garcia, 923 So.2d 1186, 1187 (Fla. 3d DCA 2006).
Accordingly, we vacate the sentence and remand for re-sentencing. On remand, the defendant shall be afforded the opportunity to withdraw his plea.
Sentence vacated and case remanded with directions.
SCHWARTZ, Senior Judge, concurs.
RAMIREZ, J., (dissenting).
I dissent because I do not believe the state preserved for review the issue of three-year minimum mandatory sentence.
At the plea hearing, the following discussion occurred:
Mr. Davis (Defense Attorney): Judge, Mr. Weaver is prepared to take the State's offer. The only issue in this *350 case is whether or not he's going to be allowed credit for time served.
The Court: This was one where the State agreed to waive the minimum mandatory, but they made an offer of 18 months without credit time served, right?
Mr. Davis: At this point we'd ask Your Honor to give him credit for time served.
The Court: And the reason we waived the minimum mandatory was because
...
Ms. Kulick (Assistant State Attorney): Your Honor, it was really just a matter of judicial efficiency for the Statefor the sake of...
The Court: So there wasn't a valid legal reason for waiving...
Ms. Kulick: No, Your Honor. I discussed this case at length with Howard Pole before there was an agreement of the waiver of the 3-year min/man, and the State still feels they can go forward and prove the case that the defendant was in possession of a firearm and he is a convicted felon. However, it was just asyou know, Mr. Davis in terms of us trying to work out a plea. I went to Mr. Pole with the counteroffer from Defense counsel. [sic].
The Court: A form, James.
Ms. Kulick: Mr. Pole did agree to waive that min/manthat 3-year minimum mandatory, but wassince the defendant scores 17.85 months, his offer was 18 months with no credit for time served.
....
The Court: All right. Hand that to Mr. Davis. If Mr. Davis will have Mr. Weaver go over and sign that plea agreement/rights form, I will give him the 18 months with credit for time served ...
Weaver then had a brief discussion with the trial court. Then, after an off the record discussion, the following occurred:
Ms. Kulick: Your Honor, just for the record the State has to object to a court plea at this time, and we are withdrawing from any negotiations.
There was no further mention of the minimum mandatory sentence for possession of a firearm. The sentencing form reads "STATE WAIVES ANY MINIMUM MANDATORY FOR FIREARM," and does not include a checked box for possession of a firearm, under section 775.087(2)(a)1, Florida Statutes (2007).
I agree that a "general objection" is sufficient when the basis for that objection clearly appears from the context. State v. Roberts, 963 So.2d 747, 748 (Fla. 3d DCA 2007); State v. Johnson, 990 So.2d 1115, 1116 (Fla. 3d DCA 2008). From the transcript quoted above, the only objection that clearly appears from the context is that the State was complaining about the court giving Weaver credit for time served. I believe that the State's general objection was insufficient to call the trial court's attention to the waiver of the three-year minimum mandatory. The sentence imposed by the court was essentially the same sentence the State offered, except that the judge included credit for time served. The State never rescinded its waiver of the three-year minimum mandatory.
This case is indistinguishable from State v. Aguilar, 775 So.2d 994 (Fla. 3d DCA 2000). In that case, at a plea conference, the State offered Aguilar a plea bargain to ten years in prison to be followed by a lengthy probation, which was a downward departure from the guidelines. Id. at 995. Aguilar pled guilty to the court without a guaranteed sentence. Id. After the sentencing hearing, the State requested fifteen years to be followed by ten years of probation. Id. Aguilar was given a sentence of six years in prison followed by *351 twenty years of probation. Id. The State appealed, arguing that the reasons for departure were insufficient. Id. We affirmed the downward departure sentence, noting that the State, at the plea conference, was offering a downward departure sentence, that all parties agreed a downward departure sentence was appropriate, and that the State never asked the trial court to impose a guidelines sentence. Id. at 996. We noted that the disagreement was not on the propriety of the departure, but on the extent of departure. Id. Once the State and Weaver agreed that a departure from the sentencing guidelines was appropriate, the extent of the departure was within the sound discretion of the trial judge. Id.
Likewise, a reading of the transcript reveals that the State and Weaver had agreed to a waiver of the minimum mandatory, and to a sentence of eighteen months in prison. The only disagreement was to the credit for time served. To be consistent with Aguilar, we should hold that once the State and Weaver had agreed to a waiver of the minimum mandatory and the eighteen years in prison, there was no legal impediment for the trial court to exercise its discretion as to the issue of credit for time served.