RAMIREZ, C.J.
 

 The State of Florida appeals the trial court’s order withholding adjudication. The trial court erred when it imposed a withhold of adjudication for a second-degree felony where the defendant, Leon Pearson, had a previous withhold of adjudication for a felony. Section 775.08435, Florida Statutes (2009), provides that “no adjudication of guilt shall be withheld for a second degree felony offense if the defendant has a prior withholding of adjudication for a felony that did not arise from the same transaction as the current felony offense.” The record reflects that the State made it clear to the trial court that, on January 8, 2009, Pearson had a prior withhold of adjudication entered for possession of a controlled substance. The State showed this prior offense to defense counsel, and there was no dispute regarding the existence of this pri- or offense.
 

 
 *916
 
 We disagree with Pearson that the error was not preserved for appellate review. The State properly preserved the issue for appeal when it informed the trial court of Pearson’s specific prior conviction for possession of a controlled substance and then objected to the trial court’s withhold of adjudication. Moreover, the record reflects that the State subsequently renewed the objection and directed the trial court to the relevant portion of the statute pertaining to withholding of adjudication for second degree felonies.
 
 See State v. Johnson,
 
 990 So.2d 1115 (Fla. 3d DCA2008).
 

 Accordingly, we reverse the trial court’s order imposing Pearson’s downward departure in the form of a second withhold of adjudication and remand so that the trial court can either adjudicate the defendant or allow the defendant to withdraw his plea.
 

 Reversed and remanded.